# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made and entered into effective as of October ___, 2015 (the "Effective Date"), by and between National Income Life Insurance Company ("NILICO"), a New York corporation and United American Insurance Company ("UAIC"), a Nebraska corporation (the "Plaintiffs"), and Rakesh Ramkarran ("Ramkarran"), an individual resident of the State of New York, and Harrynarine Ramoutar ("Ramoutar"), an individual resident of the State of New York (the "Defendants") (collectively, the "Parties").

## RECITALS

A.      NILICO and UAIC filed a complaint against Ramkarran and Ramoutar in the United States District Court for the Eastern District of New York on August 7, 2015, captioned *National Income Life Insurance Company and United American Insurance Company v. Rakesh Ramkarran and Harrynarine Ramoutar*, Case No. 1:15-cv-04655-RRM-RLM, in which Plaintiffs alleged claims for trademark infringement and unfair competition, among other claims (the "Complaint").

B.      The Parties now desire to reach a full and final settlement of any and all disputes or claims between them as alleged in the Complaint.

## AGREEMENT

NOW, THEREFORE, in consideration of the promises and mutual agreements contained herein, the Parties agree as follows:

1.      **Final Judgment and Permanent Injunction; No Challenge**. The Parties consent to the filing and entry of the Final Judgment and Permanent Injunction ("Permanent Injunction") attached hereto as <u>Exhibit A</u>. Defendants waive their right to appeal the Permanent Injunction and agree that they will never contest the Permanent Injunction's enforceability or validity in any

subsequent proceeding; provided, however, that Defendants retain the right in a subsequent proceeding to argue that certain conduct does not fall within the scope of activity covered by the Permanent Injunction.

2. Waiver of Damages for Actions Alleged in the Complaint.

Contingent upon Defendants' full compliance with their obligations in the Permanent Injunction, Plaintiffs waive their claims for damages, costs and attorneys' fees for the actions of Defendants specifically alleged in the Complaint, including dates. Nothing in this Settlement Agreement releases (a) Defendants from any obligations, promises, or duties arising from or based upon any contract, agreement, or understanding that Defendants have with Plaintiffs or damages arising from breach or violation of such obligations, promises, or duties; (b) promises, obligations or duties that Defendants made or owe to any third party; (c) damages, costs, or attorneys' fees that Plaintiffs may be entitled to as a result of any violation or breach of the Permanent Injunction; or (d) damages, costs, or attorneys' fees arising out of breach or violation of any obligations contained in this Agreement.

3. Entire Agreement.

This Agreement, including the Permanent Injunction incorporated herein, constitutes the entire agreement between the Parties, and supersedes any and all prior or contemporaneous agreements, promises, representations, or understandings, written or oral, between them relating to settlement of claims alleged in the Complaint based on Defendants' actions alleged in the Complaint.

4. Amendment.

This Agreement may not be altered, modified or amended except by a written agreement

executed by an authorized representative of each of the Parties.

5.	Jointly Drafted.

Each of the Parties has been represented by counsel in the drafting of this Agreement and the Parties and their counsel have jointly participated in the drafting of this Agreement, with the result that any ambiguity contained herein shall not be interpreted or construed against either Party as the drafter thereof.

6.	No Waiver.

No delay or failure by any Party to exercise its rights under this Agreement shall be construed to be a waiver thereof, unless memorialized by written instrument executed by an authorized representative of each of the Parties. The agreed waiver of any covenant, condition, or agreement to be performed hereunder shall not be construed to be a continuing waiver of the same covenant, condition, or agreement, or the waiver of a different covenant, condition, or agreement. Furthermore, the agreed waiver of any breach of this Agreement shall not be considered an agreed waiver of a different or subsequent such breach.

7.	Duty of Cooperation.

The Parties shall at all times fully cooperate with each other and shall cause their respective agents and attorneys to cooperate in a prompt and timely manner in connection with the performance of all obligations of the Parties under this Agreement. The Parties shall execute and deliver such additional documents, affidavits, or certifications, and take such further action, as may be necessary or otherwise reasonably requested of them to fully perform the provisions of this Agreement.

8.	Representations.

The Parties each represent that: (a) this Agreement is freely and voluntarily entered into, and that each of the Parties has had an opportunity to consult with legal counsel with respect to the advisability of entering into this Agreement; (b) no promise, inducement, or agreement not contained in this Agreement has been made on any subject in connection with this Agreement; (c) each Party has made such investigation of the facts pertaining to this Agreement and of all the matters pertaining thereto as it deems necessary; (d) each Party's signatory to this Agreement is fully authorized to enter into this Agreement on its behalf; and (e) each Party has all necessary power and authority to enter into the releases contained herein.

9. <u>Inurement</u>.

The Parties agree that this Agreement shall inure to the benefit of, and be binding upon, each of the Parties and their respective affiliates, predecessors, successors and assigns, and the agents and other authorized representatives, shareholders, officers, directors, employees, insurers, heirs, executors, trustees, partners, and joint venturers of any of the foregoing. As used herein, "affiliates" means any person or entity, who/which directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under the common control with, either of the Parties hereto.

10. <u>Severability</u>.

If any part of this Agreement shall be determined to be illegal, invalid, or unenforceable, that part shall nevertheless be enforced to the extent permissible in order to effect the intent of the Parties, and the remaining parts shall be deemed valid and enforceable.

11. <u>Choice of Law</u>.

This Agreement shall, unless and except to the extent governed by the laws of the United

States, shall be construed and governed solely by the internal laws of the State of New York, without regard to New York's conflict of laws rules.

12.     Continuing Jurisdiction.

The Court will retain jurisdiction of this matter for purposes of enforcing this Agreement and construing, modifying, and enforcing the Permanent Injunction to be filed and entered in accordance with this Agreement. The Parties knowingly and unequivocally subject themselves to the Court's personal and subject matter jurisdiction with respect to any disputes arising between the Parties arising from compliance or non-compliance with the Permanent Injunction.

13.     Notice and Opportunity to Cure; Attorneys' Fees.

   13.1     Notice and Cure.

No action for enforcement of this Agreement or the Permanent Injunction shall be brought against any Party unless (a) the nonbreaching Party provides written notice to the breaching Party of the alleged breach, and (b) the alleged breach is not cured within seven (7) business days after the sending of notice.

   13.2     Attorneys' Fees.

Defendants agree that if Plaintiffs seek enforcement of any provision of this Agreement or the Permanent Injunction and obtain a ruling from the Court in their favor that Defendants will pay Plaintiffs' attorneys' fees.

   13.3     Notices. All notices or other communications required or permitted under this Agreement shall be in writing and sent by registered or certified mail, return receipt requested, or by hand or overnight delivery, with a copy sent via email, to the addresses

below. The Parties agree that service of process and service of a summons related to any disputes between the Parties can be served via these notices provisions. All notices shall be deemed effective when sent.

| **If to Plaintiffs:** | **If to Defendants:** |
|---|---|
| Michael J. Levin<br>Alan F. Kaufman<br>Kyle M. Medley[A1]<br>Hinshaw & Culbertson LLP<br>800 Third Avenue, 13th Floor<br>New York, NY 10022 | Eric J. Menhart<br>Lexero Law<br>316 F St. NE, Suite 101<br>Washington, DC 20002<br>p17a338@Lexero.com |

19.   <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same Agreement. For purposes of execution, facsimile signatures and signature pages sent via email or electronic facsimile shall be considered effective and binding.

//

//

//

IN WITNESS WHEREOF, the Parties have duly authorized and caused this Agreement to be executed as of the date first above written.

| **National Income Life Insurance Company** | **Rakesh Ramkarran** |
|---|---|
| By: | |
| _____ | _____ |
| Name: | |
| Title: | |

**United American Insurance Company**     **Harrynarine Ramoutar**

By:

_____          _____

Name:

Title:

IN WITNESS WHEREOF, the Parties have duly authorized and caused this Agreement to be executed as of the date first above written.

| **National Income Life Insurance Company** | **Rakesh Ramkarran** |
|---|---|
| By: _/s/ Joel Scarborough_ | _/s/ Rakesh Ramkarran_ |
| Name: Joel Scarborough | |
| Title: SVP & Associate General Counsel | |

| **United American Insurance Company** | **Harrynarine Ramoutar** |
|---|---|
| By: _/s/ Joel Scarborough_ | _/s/ Harrynarine Ramoutar_ |
| Name: Joel Scarborough | |
| Title: SVP & Associate General Counsel | |

# EXHIBIT A

131242491v1 0974296
131242491v1 0974296

131242491v1 0974296

131242491v1 0974296

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL INCOME LIFE INSURANCE COMPANY and UNITED AMERICAN INSURANCE COMPANY,<br><br>              Plaintiffs,<br><br>   -against-<br><br>RAKESH RAMKARRAN and HARRYNARINE RAMOUTAR,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 15-CV-4655 (RRM)(RLM)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONSENT PERMANENT INJUNCTION AND JUDGMENT AGAINST RAKESH RAMKARRAN AND HARRYNARINE RAMOUTAR**

Plaintiffs National Income Life Insurance Company ("NILICO") and United American Insurance Company ("UAIC") having filed a Complaint (the "Complaint") demanding permanent injunctive and other relief against defendants Rakesh Ramkarran ("Ramkarran") and Harrynarine Ramoutar ("Ramoutar") (collectively, "Defendants") for trademark infringement and unfair competition under 15 U.S.C. §§1114(1) and 1125(a) and (c), N.Y. Gen. Bus. L. §§ 349, 360 *et seq.*, tortious interference with contractual relations and prospective business advantage, injurious falsehood and misappropriation of trade secrets, and defendants having stipulated and agreed by their subscribed consents set forth below to the facts set forth herein and to the entry of the Judgment and Consent Permanent Injunction set forth herein, it is hereby

ORDERED, DECREED and ADJUDGED that a judgment and permanent injunction is hereby granted and entered in this action as follows:

## FINDINGS AND CONCLUSIONS

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1114(a); 15 U.S.C. §1121(a); 28 U.S.C. §1338(a); 28 U.S.C. §1331 and Supplemental Jurisdiction under 28 U.S.C. §1367. This Court has personal jurisdiction over defendants Ramkarran and Ramoutar based on their residence within the State of New York. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FINAL JUDGMENT

Judgment is entered in favor of Plaintiffs and against Defendants.

## INJUNCTION

2. Defendants Ramkarran and Ramoutar, their agents, servants, employees, and all persons acting for, with, by, through or under them, who receive actual notice of this Consent Permanent Injunction by personal service, electronic means, or otherwise, and each of them, are hereby permanently ENJOINED AND RESTRAINED from using, advertising, promoting by any means (including on any electronic media), offering for sale under, or making any representation, oral or written, with, the marks "National Income Life Insurance Company," or its abbreviation, "NILICO," or any colorable imitation thereof or any mark substantially the same (the "Trademarks") or any products bearing or under the Trademarks. (National Income Life Insurance Company is also referred to in this Judgment and Consent Permanent Injunction as "NILICO")

3. Defendants Ramkarran and Ramoutar, their agents, servants, employees, and all persons acting for, with, by, through or under them, who receive actual notice of this Consent Permanent Injunction by personal service, electronic means, or otherwise, and each of them, are hereby permanently ENJOINED AND RESTRAINED from:

    a. Representing that defendants Ramkarran and Ramoutar are agents, employees or have any other connection with NILICO or any affiliate of NILICO or the Pappas Agency of Queens, N.Y. (the "Pappas Agency");

    b. Making any misrepresentation of fact or disparaging statement, orally, in writing or by electronic means or otherwise, concerning NILICO, or any affiliate of NILICO or the Pappas Agency;

131242518v1 0974296

    c. Making any misrepresentation of fact, impersonating other persons, or making false and misleading statements to NILICO, or any affiliate of NILICO or the Pappas Agency, or any Policyholder of NILICO or any prospective Policyholder of NILICO in an effort to obtain business from NILICO or in any way to injure or interfere with NILICO's existing or prospective business relations;

    d. Making any attempt to cause NILICO to issue policies to persons, real or fictitious, who have not made legitimate applications to NILICO for such policies;

    e. Making any misrepresentation of fact or disparaging statement, orally or in writing or by electronic means or otherwise, concerning any product offered to the public bearing or under the Trademarks or the names of any affiliate of NILICO; and

    f. Using for any purpose any confidential or proprietary information obtained from NILICO or from the Pappas Agency, including, without limitation, leads to prospective customers, and customers', prospective customers' and insurance policy holders' ("Policyholders") names, addresses, telephone numbers, social security numbers, and financial information (the "Trade Secrets"), .

4.     Defendants Ramkarran and Ramoutar, their agents, servants, employees, and all persons acting for, with, by, through or under them, who receive actual notice of this Consent Permanent Injunction by personal service, electronic means, or otherwise, and each of them, are hereby ORDERED AND ENJOINED from:

    a. Directly or indirectly, contacting NILICO Policyholders or attempt to induce NILICO Policyholders to terminate, cancel or replace their policies or in any other way to injure the business or reputation of NILICO or any of its affiliates; and

    b. Directly or indirectly, inducing, or attempting to induce, any representative of NILICO to end their relationship with NILICO or to violate the terms, conditions, representations or warranties of their contract(s) with NILICO.

5.     Defendants Ramkarran and Ramoutar, their agents, servants, employees, and all persons acting for, with, by, through or under them, who receive actual notice of this Consent Permanent Injunction by personal service, electronic means, or otherwise, and each of them, are hereby ORDERED, within 10 days of the entry of this Consent Permanent Injunction, to return

to NILICO and to the Pappas Agency all information and documents, whether in written, electronic or other format, containing any information concerning past or present NILICO Policyholders, NILICO insurance policies, or prospective NILICO Policyholders, including all leads to prospective NILICO Policyholders and any Trade Secrets.

6. For a period of one year after their termination by NILICO (February 12, 2015 for Ramkarran and February 18, 2015 for Ramoutar), Ramkarran and Ramoutar will not engage in the life or health insurance business in any territory worked by Ramkarran and Ramoutar during the twelve months immediately preceding termination using the union, credit union, association or other NILICO sales procedures, manuals, lists sources, or procedures. The prohibited procedures include, but are not limited to:

 a. Contacting or receiving the approval of a labor union, credit union, or association for the solicitation of their membership for the sale of insurance;
 b. Mailings to labor unions, credit unions, or association members that invite inquiry for the purpose of soliciting such member for the sale of insurance;
 c. Placing group insurance with labor unions, credit unions, or associations for the purpose of soliciting their members for the sale of such insurance; and
 d. Contacting or soliciting present holders of NILICO policies or persons who defendants learned in the course of their agency with NILICO or their relationship with the Pappas Agency are prospective NILICO Policyholders, provided that if a holder of a NILICO policy approaches Defendants Ramkarran and Ramatour, entirely of his or her own volition and without encouragement or suggestion of Defendants, or any person acting on their behalf or at their request, such approach will not be a violation of this Consent Permanent Injunction and Judgment.

**BINDING EFFECT**

IT IS FURTHER ORDERED that this Consent Permanent Injunction and Judgment shall be binding on the parties, their successors and assigns.

**RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purpose of entering such further orders, direction or relief as may be appropriate for the construction, implementation or enforcement of this Consent Permanent Injunction and Judgment, and resolving any disputes arising from the interpretation of its terms. In any action

or proceeding involving a violation of this Decree, the prevailing party shall be entitled to recover its reasonable attorneys' fees incurred in connection with such action or proceeding, in addition to any other remedies which may be awarded.

The parties hereby waive their right to appeal from the entry of this Consent Permanent Injunction and Judgment.

WHEREFORE, the parties hereby agree to the entry of the foregoing Consent Permanent Injunction against Rakesh Ramkarran and Harrynarine Ramoutar.

IT IS SO ORDERED.

Dated: December ___, 2015

HINSHAW & CULBERTSON LLP

By: _____

Michael J. Levin
Alan F. Kaufman
Kyle M. Medley
800 Third Avenue, 13th Floor
New York, NY 10022
Tel. (212) 471-6200

*Attorneys for Plaintiffs*

LEXERO LAW FIRM

By: _____

Eric Menhart
316 F St NE, Suite 101
Washington, DC 20002
Tel. (855) 453-9376

*Attorney for Defendants*

CONSENTED TO BY THE PARTIES:
NATIONAL INCOME LIFE INSURANCE COMPANY

By: _____

Dated: _____

UNITED AMERICAN INSURANCE COMPANY

By: _____

Dated: _____

RAKESH RAMKARRAN

By: _____

Dated: December \_\_\_, 2015

HARRYNARINE RAMOUTAR

By: _____

Dated: December \_\_\_, 2015

The forgoing Consent Permanent Injunction and Judgment is hereby APPROVED and ENTERED this _____ day of _____, 2015.

_____

U.S. District Judge