UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATIONAL INCOME LIFE INSURANCE )
COMPANY and UNITED AMERICAN )
INSURANCE COMPANY, )
)
      Plaintiffs, )
) Civil Action No.: 15-CV-4655 (RRM)(RLM)
-against- )
)
RAKESH RAMKARRAN and )
HARRYNARINE RAMOUTAR, )
)
      Defendants. )

## CONSENT PERMANENT INJUNCTION AND JUDGMENT AGAINST RAKESH RAMKARRAN AND HARRYNARINE RAMOUTAR

  Plaintiffs National Income Life Insurance Company ("NILICO") and United American Insurance Company ("UAIC") having filed a Complaint (the "Complaint") demanding permanent injunctive and other relief against defendants Rakesh Ramkarran ("Ramkarran") and Harrynarine Ramoutar ("Ramoutar") (collectively, "Defendants") for trademark infringement and unfair competition under 15 U.S.C. §§1114(1) and 1125(a) and (c), N.Y. Gen. Bus. L. §§ 349, 360 *et seq.*, tortious interference with contractual relations and prospective business advantage, injurious falsehood and misappropriation of trade secrets, and defendants having stipulated and agreed by their subscribed consents set forth below to the facts set forth herein and to the entry of the Judgment and Consent Permanent Injunction set forth herein, it is hereby

  ORDERED, DECREED and ADJUDGED that a judgment and permanent injunction is hereby granted and entered in this action as follows:

## FINDINGS AND CONCLUSIONS

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1114(a); 15 U.S.C. §1121(a); 28 U.S.C. §1338(a); 28 U.S.C. §1331 and Supplemental Jurisdiction under 28 U.S.C. §1367. This Court has personal jurisdiction over defendants Ramkarran and Ramoutar based on their residence within the State of New York. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FINAL JUDGMENT

Judgment is entered in favor of Plaintiffs and against Defendants.

## INJUNCTION

2. Defendants Ramkarran and Ramoutar, their agents, servants, employees, and all persons acting for, with, by, through or under them, who receive actual notice of this Consent Permanent Injunction by personal service, electronic means, or otherwise, and each of them, are hereby permanently ENJOINED AND RESTRAINED from using, advertising, promoting by any means (including on any electronic media), offering for sale under, or making any representation, oral or written, with, the marks "National Income Life Insurance Company," or its abbreviation, "NILICO," or any colorable imitation thereof or any mark substantially the same (the "Trademarks") or any products bearing or under the Trademarks. (National Income Life Insurance Company is also referred to in this Judgment and Consent Permanent Injunction as "NILICO")

3. Defendants Ramkarran and Ramoutar, their agents, servants, employees, and all persons acting for, with, by, through or under them, who receive actual notice of this Consent Permanent Injunction by personal service, electronic means, or otherwise, and each of them, are hereby permanently ENJOINED AND RESTRAINED from:

   a. Representing that defendants Ramkarran and Ramoutar are agents, employees or have any other connection with NILICO or any affiliate of NILICO or the Pappas Agency of Queens, N.Y. (the "Pappas Agency");

   b. Making any misrepresentation of fact or disparaging statement, orally, in writing or by electronic means or otherwise, concerning NILICO, or any affiliate of NILICO or the Pappas Agency;

    c. Making any misrepresentation of fact, impersonating other persons, or making false and misleading statements to NILICO, or any affiliate of NILICO or the Pappas Agency, or any Policyholder of NILICO or any prospective Policyholder of NILICO in an effort to obtain business from NILICO or in any way to injure or interfere with NILICO's existing or prospective business relations;

    d. Making any attempt to cause NILICO to issue policies to persons, real or fictitious, who have not made legitimate applications to NILICO for such policies;

    e. Making any misrepresentation of fact or disparaging statement, orally or in writing or by electronic means or otherwise, concerning any product offered to the public bearing or under the Trademarks or the names of any affiliate of NILICO; and

    f. Using for any purpose any confidential or proprietary information obtained from NILICO or from the Pappas Agency, including, without limitation, leads to prospective customers, and customers', prospective customers' and insurance policy holders' ("Policyholders") names, addresses, telephone numbers, social security numbers, and financial information (the "Trade Secrets"), .

4. Defendants Ramkarran and Ramoutar, their agents, servants, employees, and all persons acting for, with, by, through or under them, who receive actual notice of this Consent Permanent Injunction by personal service, electronic means, or otherwise, and each of them, are hereby ORDERED AND ENJOINED from:

    a. Directly or indirectly, contacting NILICO Policyholders or attempt to induce NILICO Policyholders to terminate, cancel or replace their policies or in any other way to injure the business or reputation of NILICO or any of its affiliates; and

    b. Directly or indirectly, inducing, or attempting to induce, any representative of NILICO to end their relationship with NILICO or to violate the terms, conditions, representations or warranties of their contract(s) with NILICO.

5. Defendants Ramkarran and Ramoutar, their agents, servants, employees, and all persons acting for, with, by, through or under them, who receive actual notice of this Consent Permanent Injunction by personal service, electronic means, or otherwise, and each of them, are hereby ORDERED, within 10 days of the entry of this Consent Permanent Injunction, to return

to NILICO and to the Pappas Agency all information and documents, whether in written, electronic or other format, containing any information concerning past or present NILICO Policyholders, NILICO insurance policies, or prospective NILICO Policyholders, including all leads to prospective NILICO Policyholders and any Trade Secrets.

6. For a period of one year after their termination by NILICO (February 12, 2015 for Ramkarran and February 18, 2015 for Ramoutar), Ramkarran and Ramoutar will not engage in the life or health insurance business in any territory worked by Ramkarran and Ramoutar during the twelve months immediately preceding termination using the union, credit union, association or other NILICO sales procedures, manuals, lists sources, or procedures. The prohibited procedures include, but are not limited to:

   a. Contacting or receiving the approval of a labor union, credit union, or association for the solicitation of their membership for the sale of insurance;
   b. Mailings to labor unions, credit unions, or association members that invite inquiry for the purpose of soliciting such member for the sale of insurance;
   c. Placing group insurance with labor unions, credit unions, or associations for the purpose of soliciting their members for the sale of such insurance; and
   d. Contacting or soliciting present holders of NILICO policies or persons who defendants learned in the course of their agency with NILICO or their relationship with the Pappas Agency are prospective NILICO Policyholders, provided that if a holder of a NILICO policy approaches Defendants Ramkarran and Ramatour, entirely of his or her own volition and without encouragement or suggestion of Defendants, or any person acting on their behalf or at their request, such approach will not be a violation of this Consent Permanent Injunction and Judgment.

## BINDING EFFECT

IT IS FURTHER ORDERED that this Consent Permanent Injunction and Judgment shall be binding on the parties, their successors and assigns.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purpose of entering such further orders, direction or relief as may be appropriate for the construction, implementation or enforcement of this Consent Permanent Injunction and Judgment, and resolving any disputes arising from the interpretation of its terms. In any action

or proceeding involving a violation of this Decree, the prevailing party shall be entitled to recover its reasonable attorneys' fees incurred in connection with such action or proceeding, in addition to any other remedies which may be awarded.

The parties hereby waive their right to appeal from the entry of this Consent Permanent Injunction and Judgment.

WHEREFORE, the parties hereby agree to the entry of the foregoing Consent Permanent Injunction against Rakesh Ramkarran and Harrynarine Ramoutar.

IT IS SO ORDERED.
Dated: ~~December~~ February 8, 201~~0~~6

HINSHAW & CULBERTSON LLP

By: _____

Michael J. Levin
Alan F. Kaufman
Kyle M. Medley
800 Third Avenue, 13th Floor
New York, NY 10022
Tel. (212) 471-6200

*Attorneys for Plaintiffs*

LEXERO LAW FIRM

By: _____

Eric Menhart
316 F St NE, Suite 101
Washington, DC 20002
Tel. (855) 453-9376

*Attorney for Defendants*

CONSENTED TO BY THE PARTIES:

NATIONAL INCOME LIFE INSURANCE COMPANY

By: _____

Dated: February 4, 2016

UNITED AMERICAN INSURANCE COMPANY

By: _____

Dated: February 4, 2016

RAKESH RAMKARRAN

By: _____ 01/28/16

Dated: December ___, 2015

HARRYNARINE RAMOUTAR

By: _____

Dated: December ___, 2015

The forgoing Consent Permanent Injunction and Judgment is hereby SO ORDERED and ENTERED this ___9th___ day of ___February___, 2016

S/RRM

U.S. District Judge

131242194v1 0974296